## HARRIS, et al. v. COUNTY BOARD OF APPEALS FOR BALTIMORE COUNTY, et al.

[No. 190, September Term, 1967.]

*Decided April 30, 1968.*

The cause was argued before Horney, Marbury, Barnes, McWilliams and Singley, JJ.

*Joel H. Pachino,* with whom were *George D. Edwards* and *Irvin S. Friedman* on the brief, for appellants.

*Louis L. DePazzo* and *Mrs. Jean G. Rogers, Assistant County Solicitors,* with whom was *R. Bruce Alderman, County Solicitor,* on the brief, for appellees.

Marbury, J., delivered the opinion of the Court.

This case began when complaints were filed with the Baltimore County Zoning Department alleging violation of the Baltimore County Zoning Regulations by nine owners of prop-

erty in the 2900 block of Cornwall Road, in the 12th Election District of Baltimore County. A hearing was held on August 13, 1965, before the zoning commissioner, who, in an order dated Otcober 1, 1965, found that the 1945 zoning regulations were applicable and that under those regulations the property was zoned D Residence (group houses) and ordered that after sixty days from the date of the order no more than two families may reside in the subject properties.

From this order, the appellants appealed to the County Board of Zoning Appeals which found that the address units were not "a detached building" and therefore not apartment houses. The appellants then appealed to the Circuit Court for Baltimore County where Judge Raine affirmed the Board, stating that "the Court here affirms the Board for the very reasons set forth by Mr. Rose [Zoning Commissioner] and the Zoning Board * * *." An appeal was taken to this Court following a judgment entered on June 1, 1967, affirming the Board of Appeals.

The properties owned by the appellants are two-story buildings each containing from five to seven address units. Each of these units is separately owned and is separated from the other units by a fire wall, and each has its own entrance. Each individual unit has its own heating system and its own basement, and each unit connects to a common sewerage system.

As they are now used each unit contains three apartments, one on each of the two floors and another in the basement. It is conceded that this use was begun *after* the 1945 regulations took effect and before the regulations of 1955 became effective.

The appellants' case rests on the assertion that the present use was legal under the 1945 regulations and is therefore a legal non-conforming use. They concede that under the 1955 regulations the present use would be illegal except that it had become a non-conforming use prior to the adoption of the 1955 zoning regulations.

The lower court, in finding that the properties involved were not apartment houses, determined that the use was illegal under the 1945 regulations as the buildings were group houses and since a group house allowed only two families per unit, that

the division of the units into three family residences was illegal and did not constitute a valid non-conforming use. From an examination of the Baltimore County Zoning Regulations of 1945 we find ourselves in agreement with the lower court.

The appellants are correct in their assertion that under the D Residence classification they were permitted any use allowed under the C Residence classification and that the C Residence zone permitted apartments. The difficulty is that the use contended for by the appellants does not fit the definition given for apartments in Section 1, subsection 5 of the 1945 regulations. These regulations define an apartment house as follows:

> "5. Apartment House: A detached building used and/ or arranged for occupancy as dwellings for three or more families as separate housekeeping units. All such housekeeping units shall have unity in use and be supplied, in common, with heat, sewerage and/or other public convenience or utilities."

From this definition it will be seen that an apartment house must be a detached building, which is not true of the address units owned by the appellants. It is readily apparent, however, that the buildings here involved do fit the definition of a "group house" which is defined in Section 1, subsection 14 of the 1945 regulations as follows:

> "14. Dwelling, Group House: Not less than three or more than seven (single or two-family) dwellings designed and erected as a single detached building and with not more than one entrance for each (single or two family) dwelling on any one side, such (single or two family) dwellings shall be separated by a solid fire-proof partition wall from foundation to roof."

As can be seen from this definition there can be but two families per unit in a group house and therefore the present use was illegal under the 1945 regulations and therefore was not a legal non-conforming use prior to 1955.

*Judgment affirmed, with costs.*